No. 1247. **Jacobs *v.* Bush,** April Term, 1882. This was an action for the partition of a tract of land in the possession of defendant Bush, who had purchased the same at a prior sale under partition proceedings in the Court of Probate. Bush believed that he had purchased a good title, but at the trial conceded the invalidity of his title, and set up in this proceeding, by consent, a claim for betterments. The referee fixed the enhanced value by reason of the improvements at $275, and found that all rents and profits were exclusively due to the improvements, and therefore defendant should not account for rents. This report was confirmed by the Circuit Judge (Hudson), who directed a sale of the land, and out of the proceeds that the costs and expenses of sale and the costs of plaintiffs' attorneys be paid, then $275 to defendant (out of which defendant's costs be paid), the remainder distributed to the tenants in common. From this decree plaintiffs appealed, but the decree was confirmed in all respects, except that the enhanced value by reason of the improvements was reduced to $187.50, this court *holding:*

1. That this was a proper case for the application of the betterment act. *Gen. Stat.* ch. cxxi. §§ 1–7.

2. That there was no evidence to fix the enhanced value of the land at a sum greater than $187.50. In this connection the court uses the following language: "Under the decided cases in this State upon this subject, the finding of the referee thus concurred in by the presiding judge must stand, unless there is an entire absence of testimony to sustain it or the manifest weight is opposed to it. True, this court could arbitrarily overrule this finding or the findings below of any court, and this being a court of last resort, the parties would have no

alternative but to submit. This court, however, recognizes the fact that it is not a law unto itself; on the contrary, that well-established principles should govern here as elsewhere. In fact, because this court is a court of last resort affords an additional reason why we should be the more careful not to disregard settled principles, even by inadvertence. These remarks are made because we feel constrained to overrule the Circuit Judge as to the value of the betterments allowed, and to show that we have not done so without due regard to previous decisions and precedents."

3. That the rents and profits being entirely due to the improvements, were properly disallowed; the principles announced in *Scaife v. Thomson*, 15 *S. C.* 337, being also applicable to a case like this, and it being expressly provided for in the betterment law, *supra*.

4. The costs were within the discretion of the Circuit Court. OPINION by MR. CHIEF JUSTICE SIMPSON, July 31st, 1882. *J. S. R. Thomson, Evans, Bomar & Simpson*, for appellants; *Bobo & Carlisle*, contra.